IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KALAND D. JACKSON,

                Plaintiff,

  v.                                                                                OPINION and ORDER

GREGORY PETERSON, JASON THOMPSON, SEAN                        24-cv-767-jdp
SOMERS, N. GUICHARD, WANDA WILSON, and J.
BAILEY,

                Defendants.

---

Plaintiff Kaland D. Jackson, proceeding without counsel, alleges that defendants, employees of Oakhill Correctional Institution, knowingly served him foods containing bananas and peanut butter, which caused him to suffer two severe allergic reactions. Jackson brings an Eighth Amendment claim based on the conscious disregard of his safety.

Defendants move for summary judgment. Dkt. 23. The undisputed facts show that no defendant was personally involved in the preparation, labeling, or delivery of the foods containing bananas and peanut butter. Even if any defendant had been involved in those operations, there's no evidence that any defendant realized that Jackson would be served any food containing bananas or peanut butter. I will grant defendants' motion and close the case. Jackson's motion filed in opposition to defendants' motion will be denied.

UNDISPUTED FACTS

I begin with a word about Jackson's summary judgment opposition. On summary judgment, this court requires the moving party, here defendants, to set out a statement of proposed facts with citations to admissible supporting evidence. *See* the attachment to

Dkt. 8 at 2–4. The party opposing the motion, here Jackson, must state whether each fact is disputed, and if it is, support the opposition with a clear citation to admissible evidence. *Id.* at 4–5. Responses to proposed facts must be succinctly stated and not inflated with lengthy argument. *See id.* at 2, 4. The responding party must not respond to proposed facts with additional facts that are not directly responsive to the original proposed fact. *Id.* at 4. If a response to a proposed fact relies on inadmissible evidence or otherwise does not comply with the court's procedures, the court takes the original factual statement as true and undisputed. *See id.* at 8. All litigants must comply with the court's orders and rules. *See Allen-Noll v. Madison Area Tech. Coll.*, 969 F.3d 343, 349 (7th Cir. 2020).

Jackson's opposition to defendants' proposed facts doesn't comply with the court's summary judgment procedures. Jackson often fails to cite admissible evidence to support his opposition, and the evidence he cites mostly fails to dispute defendants' proposed facts. Also, many of Jackson's responses are excessively argumentative and contain immaterial information.

I will consider Jackson's amended complaint, which he signed under penalty of perjury, as admissible summary judgment evidence in ruling on defendants' motion. *See* Dkt. 12. But most of the amended complaint's factual statements are not specific and don't directly dispute defendants' proposed facts. Except for defendants' proposed facts 3 and 84, which Jackson properly disputes, I will accept defendants' proposed facts as undisputed. *See Allen-Noll*, 969 F.3d at 349; *Hedrich v. Bd. of Regents of Univ. of Wisconsin Sys.*, 274 F.3d 1174, 1177–78 (7th Cir. 2001).

With that background, the following facts are undisputed except where noted.

Jackson says that he is severely allergic to bananas and peanuts. While incarcerated at Oakhill Correctional Institution (OCI), Jackson unknowingly ate a banana muffin on May 6,

2

2023, and a peanut butter cookie on July 8, 2023. Both times, according to Jackson, he suffered a severe allergic reaction.

Defendant Gregory Peterson is the food services administrator at OCI. Peterson is responsible for the policy, training, and planning of food services at OCI, but he does not personally prepare, label, or deliver meals to prisoners. OCI had specific policies and practices in place to prevent prisoners with allergies from being exposed to known allergens and, for the most part, those measures were successful. For instance, bagged diet meals were prepared for prisoners with allergies that could be triggered by ingredients in a certain meal. Peterson was notified that Jackson was allergic to bananas and peanuts around December 2021.

On May 6, 2023, even though "Muffins, no banana" was listed on the breakfast menu, kitchen staff asked if they could make banana muffins because there were extra bananas. A food service leader who is not a party to this case approved the change. When a food service leader approves a menu change, Peterson expects that person to inform both him and the prisoner kitchen staff who prepare bagged diet meals, and to update the daily menu. The food service leader forgot to take these measures on May 6. After Jackson informed Peterson that he ate a banana muffin, Peterson spoke to kitchen staff to ensure that they were aware of potential allergen cross-contamination and that he must approve ingredient substitutions.

On July 8, 2023, "assorted cookies" was listed on the lunch menu. Chocolate chip cookies were prepared the day before for lunch on July 8. For unknown reasons, kitchen staff added peanut butter to the cookie mix. Although the cookies were labeled "assorted cookies," they looked like regular chocolate chip cookies. Jackson says that he unknowingly ate a cookie with peanut butter, which caused him to have a severe allergic reaction. After Peterson learned

3

about that incident, he instituted a policy prohibiting the use of tree nuts, peanuts, and peanut butter in any bakery products.

Defendants Jason Thompson, Sean Somers, and Wanda Wilson were employed at OCI when the events occurred. Thompson was the management services director. In this capacity, Thompson was not involved in the day-to-day operations of OCI's kitchen and did not personally prepare, label, or deliver meals to prisoners. Thompson was not at work on May 6 or July 8, 2023.

Somers was a food service manager. In that capacity, Somers was responsible for the supervision, training, and evaluation of food service leaders and prisoner workers in OCI's kitchen. In general, Sommers did not personally prepare, label, or deliver meals to prisoners.

Somers was not at work on May 6, 2023. Somers worked on July 8, 2023, when Jackson ate a cookie with peanut butter. But Somers was on vacation the day before, when those cookies were prepared.

Wilson was a food service leader. In that capacity, Wilson was responsible for instructing and supervising prisoner workers regarding the production of meal items, maintaining hygiene, and loading unit meal delivery carts.

Wilson was not at work on May 6, 2023. Wilson worked on July 7 and 8, 2023, from 9 a.m. to 5 p.m. Wilson does not recall seeing kitchen staff add peanut butter to the "assorted cookies" that were served on July 8. By the time Wilson arrived at 9 a.m., the bakers had already mixed their baking ingredients and were in the process of finalizing their baked items.

Peterson says that defendants Jackilyn Bailey and Nicole Guichard were not employed at OCI when the events occurred. Peterson says that Guichard was hired as a food service leader in August 2024, and that Bailey was hired as a food service leader in March 2025. Jackson

4

notes that defendants said in their amended answer to the amended complaint that Bailey and Guichard worked at OCI when the events occurred. Dkt. 17 ¶ 2.

ANALYSIS

Jackson is proceeding on allegations that defendants knew about his allergies and failed to tell him that certain menus contained foods that he's allergic to.

A prison official's conduct violates the Eighth Amendment if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). I will assume for purposes of this opinion that Jackson's consumption of bananas or peanuts would pose an excessive risk to his health and safety. The issue is whether Jackson has shown that defendants consciously disregarded that risk.

Conscious disregard means that the official knows of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he actually draws that inference. *See id.* Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Even gross negligence does not show conscious disregard. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

The conscious disregard standard is individualized; a defendant's liability turns on his or her own acts or omissions, or the knowledge he or she possesses. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Individual liability requires personal involvement in the alleged denial of health or safety. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *see also Iqbal*, 566 U.S. at 676; *Burks*, 555 F.3d at 594.

5

The undisputed facts show that no defendant was personally involved in the preparation, labeling, or delivery of the banana muffin and cookie with peanut butter whose consumption Jackson says made him suffer severe allergic reactions. Peterson had an administrative position and did not personally prepare, label, or deliver meals to prisoners. Likewise, as management services director, Thompson was not involved in day-to-day kitchen operations and did not personally prepare, label, or deliver meals to prisoners. Sommers, a food service manager, did not personally prepare, label, or deliver meals to prisoners and was not at work when Jackson ate the banana muffin. Sommers was at work when Jackson ate the cookie made with peanut butter, but she was on vacation a day earlier when those cookies were made.

Wilson, a food service leader, was responsible for instructing and supervising prisoner workers regarding the production of meal items. But Wilson was not at work when Jackson ate the banana muffin. Wilson was at work when Jackson ate the cookie made with peanut butter, but she does not recall seeing kitchen staff add peanut butter to those cookies, which looked like chocolate chip cookies. Even if Wilson was involved in the preparation or delivery of those cookies to Jackson, there is no evidence that she realized that they contained peanut butter.

That leaves defendants Bailey and Guichard, food service leaders. The parties dispute whether Bailey and Guichard worked at OCI when the events occurred. But even if they did, there's no evidence that either defendant had any involvement in the preparation, labeling, or delivery of the foods at issue to Jackson, or that either defendant realized that those items contained bananas and peanut butter.

In his brief in opposition, Jackson contends that defendants caused him to consume the banana muffin and cookie with peanut butter by failing to adequately supervise kitchen staff. *See* Dkt. 31 at 6. But defendants' supervisory authority over kitchen staff alone is not enough

6

to impute staff's actions or omissions to defendants, *see Iqbal*, 556 U.S. at 676, let alone to find that defendants realized that Jackson would consume foods that he was allergic to unless they took greater action. Jackson also faults Peterson for failing to act in response to his complaint about having been served a banana muffin, which Jackson contends led him to consume the cookie made with peanut butter. But it's undisputed that after Jackson informed Peterson that he had eaten a banana muffin, Peterson spoke to kitchen staff to ensure that they were aware of potential allergen cross-contamination and that he must approve ingredient substitutions. Similarly, after Peterson learned that Jackson received a cookie made with peanut butter, he instituted a policy prohibiting the use of tree nuts, peanuts, and peanut butter in any bakery products. Peterson did not disregard Jackson's concerns. I will grant summary judgment to defendants.

I will deny as unnecessary Jackson's motion in opposition to defendants' motion because Jackson did not need to request permission to oppose that motion. Jackson's brief in opposition and other summary judgment materials served that purpose.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 23, is GRANTED.
2. Defendant Kaland D. Jackson's motion in opposition to defendants' summary judgment motion, Dkt. 30, is DENIED as unnecessary.
3. The clerk of court is directed to enter judgment and close the case.

Entered March 5, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

Case: 3:24-cv-00767-jdp   Document #: 38   Filed: 03/05/26   Page 8 of 8